IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY (GRZEGORZ) A. MADEJ,           )
                                        )
                     Petitioner,        )
                                        )
     v.                                 )     Case No. 22-3303-JWL
                                        )
MERRICK GARLAND, Attorney General;      )
and ALEJANDRO MAYORKAS,                 )
Secretary of Homeland Security,         )
                                        )
                     Respondents.       )
                                        )
_____)

**MEMORANDUM AND ORDER**

Petitioner has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention pending removal from the United States. The Government has submitted a response to the petition, and petitioner has submitted a reply brief. For the reasons set forth below, the Court **denies** the petition and orders that judgment be entered in favor of respondents. Moreover, petitioner's motion for appointment of counsel (Doc. #3) is hereby **denied**, and his motion to proceed *in forma pauperis* (Doc. # 2) is hereby **denied as moot**.

**I.    Background**

The following facts are not disputed by petitioner. Petitioner was born in Poland, and in 1961 he moved with his family at a very young age to the United States. He was

admitted as a lawful permanent resident, but he never became a United States citizen. In 1982 he was convicted of murder and felony murder (based on crimes of armed robbery, rape, and sexual assault) in state court in Illinois. After 40 years of imprisonment, petitioner was released on parole on August 23, 2021, but he was immediately taken into federal custody by Immigration and Customs Enforcement (ICE) officials pursuant to an order of removal issued by an immigration judge on July 13, 2021. Petitioner is presently detained by ICE at the Chase County Jail in Kansas under a contractual arrangement.

In February 2022, petitioner was charged in this Court with hindering removal in violation of 8 U.S.C. § 1253(a)(1)(B). On March 10, 2022, the Magistrate Judge denied the Government's motion to detain petitioner under a provision of the Bail Reform Act (BRA), 18 U.S.C. § 3142, and granted petitioner's motion for release. In that order, however, the Magistrate Judge noted that upon release from the custody of the Marshals Service, petitioner would again be detained by ICE. The Court denied petitioner's subsequent motion in that case for release from ICE custody. In July 2022, the Court granted the Government's motion to dismiss the case without prejudice, based on petitioner's stated agreement to sign any paperwork required to assist his removal from the United States. On December 14, 2022, petitioner filed the instant habeas petition.

## II.     Analysis

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S. C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and

constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). This Court has discussed the standard relevant to this petition as follows:

> Under 8 U.S.C. § 1226, the Attorney General may arrest and detain an alien pending a determination of whether the alien is to be removed from the United States. Detention during this "pre-removal period" is considered definite because it terminates upon the immigration court's removal decision. *Id*. at 529.
>
> Upon the entry of a final removal order, the matter enters the "removal period," and the statutory authority for detention shifts to 8 U.S.C. § 1231. . . . .
>
> After an order of removal becomes administratively final, the Attorney General "shall detain the alien" during the 90-day removal period established under 8 U.S.C. § 1231(a)(2). *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) and *Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005). Generally, the government is required to remove the alien held in its custody within the 90-day removal period. *See* 8 U.S.C. § 1231(a)(1)(A)–(B).
>
> While the government may detain an "inadmissible" or criminal alien beyond the statutory removal period, *see* 8 U.S.C. § 1231(a)(6), the government may not detain such an alien indefinitely. *Zadvydas*, 533 U.S. at 699. Instead, the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. *Id*. at 701. Beyond that period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. Furthermore, as the period of detention grows, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. The six-month presumption does not mean that every alien must be released after that time, but rather an alien may be detained "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

*See Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2 (D. Kan. Jan. 18, 2017) (Lungstrum, J.).

The Government concedes in this case that petitioner has been detained for more than six months after the removal order. It asserts that it was entitled to detain petitioner beyond the 90-day window for multiple reasons, however. First, the Government has submitted evidence, undisputed by petitioner, that petitioner consistently and repeatedly refused to sign documents and complete applications to allow for the Polish Consulate to confirm his citizenship and to issue him a temporary passport. Thus, the 90-day period was effectively extended pursuant to 8 U.S.C. § 1231(a)(1)(C), which provides that "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *See id.* Second, the Government was permitted to detain petitioner beyond the 90-day period because of his particular crimes. *See id.* §§ 1231(a)(6) (permitting detention beyond the removal period of an alien removable under Section 1227(a)(2)); 1227(a)(2)(A) (iii) (aliens convicted of aggravated felonies are deportable), 1101(a)(43) (defining aggravated felony to include murder and rape). Petitioner does not dispute the Government's authority to detain him beyond the 90-day removal period.

The Government concedes that its detention is subject to the limitation discussed by the Court in *Amyimu*, but it contends that petitioner has not shown that there is "no significant likelihood of removal in the reasonably foreseeable future." Petitioner argues in his petition (and repeats in his reply brief) that there is no such likelihood of removal because the Government has imposed a moratorium on removal to Poland in light of the

4

war in neighboring Ukraine. Petitioner further claims that Poland has not acknowledged his Polish citizenship or expressed any desire to accept him into the country. Assuming that such claims are sufficient to satisfy petitioner's initial burden to show a lack of a significant likelihood of removal in the reasonably foreseeable future, the Court concludes that the Government has successfully rebutted that showing with following evidence: the Government's moratorium on removal to Poland has been lifted, and removals to that country have been effected in recent months; the Polish Consulate has now issued petitioner a certificate of Polish citizenship; and the Consulate has been corresponding and cooperating with ICE officials with respect to the issuance by the Consulate of a temporary Polish passport to allow for petitioner's travel to Poland. The Government has further submitted evidence that receipt of the passport is imminent (as of the filing of the Government's response on January 9, 2023) and that petitioner would then be removed once travel dates could be coordinated to allow for an escort by immigration officials.[1] Petitioner has not disputed any of this specific evidence from the Government. Accordingly, the Court concludes that because petitioner will likely be removed in the near

---

[1] The Government's evidence, which petitioner does not dispute, further details its attempts to obtain these documents from the Consulate, including petitioner's failure to sign or complete various documents, despite his agreement to do so in his criminal case, and the Consulate's recent rejection of the passport application because of the need to update the filing fee in light of a four-dollar increase for the new year.

war in neighboring Ukraine. Petitioner further claims that Poland has not acknowledged his Polish citizenship or expressed any desire to accept him into the country. Assuming that such claims are sufficient to satisfy petitioner's initial burden to show a lack of a significant likelihood of removal in the reasonably foreseeable future, the Court concludes that the Government has successfully rebutted that showing with following evidence: the Government's moratorium on removal to Poland has been lifted, and removals to that country have been effected in recent months; the Polish Consulate has now issued petitioner a certificate of Polish citizenship; and the Consulate has been corresponding and cooperating with ICE officials with respect to the issuance by the Consulate of a temporary Polish passport to allow for petitioner's travel to Poland. The Government has further submitted evidence that receipt of the passport is imminent (as of the filing of the Government's response on January 9, 2023) and that petitioner would then be removed once travel dates could be coordinated to allow for an escort by immigration officials.[1] Petitioner has not disputed any of this specific evidence from the Government. Accordingly, the Court concludes that because petitioner will likely be removed in the near

---

[1] The Government's evidence, which petitioner does not dispute, further details its attempts to obtain these documents from the Consulate, including petitioner's failure to sign or complete various documents, despite his agreement to do so in his criminal case, and the Consulate's recent rejection of the passport application because of the need to update the filing fee in light of a four-dollar increase for the new year.

future, petitioner has not shown that his pre-removal detention is unlawful.[2]  Nor has petitioner established any other basis for relief.  Accordingly, the Court denies the petition.[3]

Because it is clear, based on the undisputed evidence, that petitioner is not entitled to relief, the Court denies petitioner's pending motion for appointment of counsel. Petitioner also filed a form motion to proceed without prepayment of fees, but it appears that petitioner intended for that document to serve as his affidavit in support of his motion for counsel.  Petitioner did pay the filing fee of $5.00; therefore, the motion to proceed *in forma pauperis* is denied as moot.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is hereby **denied**.

---

[2]  In his petition, petitioner cites the Magistrate Judge's release order in his criminal case, but the Magistrate Judge did not suggest in that order that the Government could not detain petitioner pre-removal after his release by the Marshals Service (to the contrary, she noted that such detention would occur).  Moreover, the Court subsequently denied petitioner's motion to enforce that order through release from the pre-removal detention, based on authority cited by the Government indicating that pre-removal detention is separate from and does not conflict with detention decisions under the BRA.  *See, e.g.*, *United States v. Barrera-Landa*, 964 F.3d 912, 918-23 (10th Cir. 2020) (joining all other circuits to have considered the issue).  Petitioner also mentions in his petition that his removal hearing was conduct by videotape, but he has not argued that that fact entitles him to relief here.

[3]  In light of this conclusion, the Court does not address whether a different respondent should have been named in the petition.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for appointment of counsel (Doc. # 3) is hereby **denied**, and his motion to proceed *in forma pauperis* (Doc. # 2) is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 31st day of January, 2023, in Kansas City, Kansas.

<u>/s/  John W. Lungstrum</u>
Hon. John W. Lungstrum
United States District Judge